ELIZABETH MARTIN ET AL., PETITIONERS-APPELLANTS,
v. SADDLE RIVER TOWNSHIP BUILDING AND LOAN
ASSOCIATION ET AL., DEFENDANTS-RESPONDENTS.

Submitted May 29, 1936—Decided October 2, 1936.

For the appellants, *Frankel & Frankel.*

For the respondents, *Morrison, Lloyd & Morrison.*

PER CURIAM.

This appeal brings up three orders made by Mr. Justice Bodine in a proceeding to control the election of directors of Saddle River Township Building and Loan Association. The regular election was held on December 6th, 1934, and, thereafter, petitioners-appellants instituted a proceeding under the statute (section 42 of the Corporations act, *Pamph. L.* 1896, *p.* 291), to have this election set aside because of alleged irregularities. By order dated April 2d, 1935, the election was set aside and a new election directed to be held on terms and conditions outlined therein. This order directed that the new election be held on May 23d, 1935. It appears that Mr. Justice Bodine declined to order the new election upon all of the terms and conditions contained in an order submitted by petitioners-appellants. The election was held on May 23d, 1935, pursuant to the terms of the order, and it would appear that appellants were unsuccessful in their efforts to have their candidates elected. This appeal was taken on

August 16th, 1935, four and one-half months after the entry of the order of April 2d, and almost three months after the date of the election.

As regards the appeal from the order of April 2d, 1935, several difficulties are encountered. In the first place, the state of the case does not contain the record upon which this order was based. The moving papers, petition, affidavits, depositions or whatever may have been submitted to the justice who heard the case, are not before us. We cannot, therefore, determine the merits of the case or whether the order now complained of was proper in the circumstances. Further it would appear that the appellants were successful in their application for an order directing a new election. They took no appeal therefrom, and, apparently content therewith, went into the election. Months thereafter they appeal from such order.

We conclude that upon both grounds, namely, that there is no record before us from which a determination of the merits can be made, and, also, that the matter of the propriety of the terms of the order of April 2d, 1935, is now moot because all the parties submitted themselves thereto, the appeal from the order of April 2d, 1935, should be and is dismissed.

The other phases of this appeal have to do with the allowance of costs. After the entry of the order setting aside the election, which order was apparently interlocutory and made no reference to costs, appellants had the clerk tax costs *ex parte*. After the election, and on June 3d, 1935, Mr. Justice Bodine made an order quashing and dismissing the levy made under an execution for costs, and vacating the taxation of costs in favor of the petitioners-appellants under the order of April 2d. On the same day, he made an order declaring certain persons duly elected as directors of the association, and awarding costs to the respondents. The state of the case does not contain the report of the election, or the facts presented to Mr. Justice Bodine which moved him to make the two orders of June 3d. The allowance of costs, in the absence of statutory direction, is in the discretion of the court, and seems to have been proper in the instant case in view of the outcome and in view of the record submitted.

The orders of June 3d, 1935, appealed from are, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.